**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**SHEILA D. SMITH**                                                                                          **PLAINTIFF**

**V.**                                              **NO. 2:11CV00062 DPM/HDY**

**MICHAEL J. ASTRUE,**
**Commissioner of the**
**Social Security Administration**                                                          **DEFENDANT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

The defendant moves to dismiss this case due to the plaintiff's failure to file a timely complaint.

The defendant recites the following history of the case: this Court remanded the case for further administrative proceedings on July 10, 2009. A supplemental hearing was conducted on March 8, 2010, and the ALJ issued a May 28, 2010, ruling that plaintiff was not disabled. On January 11, 2011, the Appeals Council denied the plaintiff's request for review. The denial by the Appeals Council included notice to the plaintiff of her right to commence a civil action within sixty days from receipt of the Appeals Council's notice. The denial also provided that it would be assumed that plaintiff received the notice five days after it was dated unless plaintiff made a showing that she did not receive the notice within the five day period. Plaintiff filed this case on March 30, 2011, 78 days after the January 11, 2011, Appeals Council notice of denial of

review.

Both parties cite *Bowen v. City of New York*, 476 U.S. 467 (1986) for the proposition that the limitation period may be equitable tolled. The sole issue is whether it is appropriate to equitably toll the limitation period in this case. The plaintiff's attorney states that the period should be tolled because he did not receive the Notice from the Appeals Council. He further notes that he has experienced this problem on other occasions.

Guidance for our decision is found in *Shaver v. Astrue*, ___ F.Supp.2d ____, 2011 WL 1807398 (May 12, 2011) (N.D. Iowa):

> The Social Security Act provides as follows:
>
>> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ..., may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c) (requiring that civil action must be instituted within sixty days after Appeals Council's "notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause"). A claimant is presumed to have received notice of a denial of request for review five days after the date of notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). Receipt of notice "by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." *Bess v. Barnhart,* 337 F.3d 988, 990 (8th Cir.2003) (per curiam). In cases where the plaintiff submits with his complaint an IFP application within the sixty-day period, the relevant period of limitations is suspended until the court rules on the application. *Bishop v. Apfel,* 91 F.Supp.2d 893, 894 (W.D.Va.2000).
>
> "[T]he 60–day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York,* 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986). Nonetheless, the limitations period is "a condition on the waiver of sovereign immunity and ... must be strictly construed." *Id.* at 479, 106 S.Ct. at 2029. "[T]he statute of limitations embodied in § 405(g) is a

mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481, 106 S.Ct. at 2030–31. Failure to adhere to the sixty-day limitations period, therefore, warrants dismissal. *See Bess,* 337 F.3d at 989–90; *Turner v. Bowen,* 862 F.2d 708, 710 (8th Cir.1988) (per curiam).

The sixty-day time period may, however, be equitably tolled by either the Commissioner or the courts. *See City of New York,* 476 U.S. at 479–81, 106 S.Ct. at 2029–31. Tolling allows a claimant to file an appeal with the federal district court after the sixty-day time-period has expired. *See id.* Tolling only applies in "rare cases," such as where the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights. *Id.* at 481, 106 S.Ct. at 2031; *see Turner,* 862 F.2d at 710 (noting that equitable tolling has been allowed only in cases where government has hindered claimant's attempts to exercise rights by acting in misleading or clandestine way); *see also Bess,* 337 F.3d at 990. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Burns v. Prudden,* 588 F.3d 1148, 1150 (8th Cir.2009) (quoting *Riddle v. Kemna,* 523 F.3d 850, 857 (8th Cir.2008) (en banc)) (internal quotation marks omitted). "[E]quitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner,* 862 F.2d at 710. Such circumstances do not include ignorance of one's legal rights. *Id.* Thus, "[e]quitable tolling is an exceedingly narrow window of relief." *Finch v. Miller,* 491 F.3d 424, 427–28 (8th Cir.2007) (quoting *Maghee v. Ault,* 410 F.3d 473, 476 (8th Cir.2005)) (internal quotation marks omitted). Accordingly, equitable tolling has been limited to situations in which "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990) (footnote omitted). "We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*

In this case, the Notice of Decision was sent to the plaintiff on May 28, 2010. Docket entry no. 5-1, page 5. The record shows that a carbon copy of this Notice was sent to plaintiff's attorney at his office address. Docket entry no. 5-2, page 7. Even if the plaintiff's attorney is correct that he did not receive a copy of the Notice of Decision, there is no mention of whether the plaintiff herself received the Notice of Decision. This is key since the receipt of the notice *by*

*the plaintiff or her attorney* triggers the sixty day period.

It is evident from the record that the complaint was not timely filed in this instance. The doctrine of equitable tolling does not operate to cure the tardy filing since there is no showing that the government acted in a misleading or a clandestine way. At most, the plaintiff's attorney alleges that the government was negligent in failing to send a carbon copy of the Notice of Decision to him. There is no allegation that the plaintiff did not receive a copy of the Notice of Decision, and this receipt triggered the running of the sixty days even if the plaintiff's attorney did not receive his copy. As a result of the foregoing, we recommend that the motion to dismiss be granted, and the case dismissed.

IT IS SO ORDERED this   1   day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE